HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESTERN HERITAGE INSURANCE
COMPANY,

                    Plaintiff,

          v.

MARY RODRIGUEZ, et al.,

                    Defendant.

CASE NO. C12-5758 RBL

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

[DKT. #25]

THIS MATTER is before the Court on Plaintiff Western Heritage Insurance Company's Motion for Summary Judgment [Dkt. #25]. Western Heritage insured Defendant Mary Rodriguez through her business, Out-a-Bounds Sports Bar. Brittany Seibel sued Rodriguez for negligence. Western Heritage provided a defense under a reservation of rights and brought this declaratory judgment action.

Western Heritage now seeks judgment as a matter of law that it has no duty to defend or indemnify Rodriguez from Seibel's claims because its policy was not in effect at the time of the incidents alleged in Seibel's complaint. Rodriguez responds that Western Heritage must defend (apparently indefinitely) because the complaint does not specify a date for the alleged incidents.

# I.  BACKGROUND

Seibel worked for Rodriguez at Out-a-Bounds as a bookkeeper in 2008. Around December of 2008, Rodriguez invited Seibel to her home. Seibel and her children ended up spending the night because of the harsh weather. During the night, Rodriguez's boyfriend, Tom Owsley, sexually assaulted Seibel and her child. When Seibel accused Owsley, Rodriguez fired her. Owsley eventually pleaded guilty.

Rodriguez bought a commercial general liability insurance policy from Western National for Out-a-Bounds with an effective date of July 1, 2009.  On December 13, 2011, Seibel sued Rodriguez and Out-a-Bounds in state court. She alleged that Rodriguez was negligent by not warning her that Owsley was dangerous, by allowing Owsley access to Seibel, and by hiring and supervising Owsley. Seibel claims that Rodriguez should have known that Owsley presented a risk because he previously had been accused of sexual assault.

Seibel's complaint also alleges that, at some unknown date after she was fired, she went to the strip mall where Out-a-Bounds was located. When Seibel pulled into the parking lot, Rodriguez approached her, demanded that she leave, and eventually called the police to report that Seibel was trespassing. The police arrived and asked Seibel to leave the property. Seibel's complaint alleges that Rodriguez "took photos" of her and "behaved in a threatening manner," but it does not say when this "parking lot" incident and photographing occurred. Indeed, her complaint asserts only two claims, both based on Rodriguez's alleged negligence in permitting Owsley's assault. It generally describes the above incident, but it does not claim that the conduct was tortiuous or otherwise make any claims based on it.

Rodriguez tendered the defense of Seibel's claims against her and Out-a-Bounds to Western Heritage. Under the policy, Western Heritage is required to defend against bodily injury and property damage claims if the injury or damage occurs during the policy period:

b. This insurance applies to "bodily injury" and "property damage" *only if*:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) *The "bodily injury" or "property damage" occurs during the policy period*;

Western Heritage Commercial General Liability Policy [Dkt. #25, Exh. 2] (emphasis added).

Western Heritage, in an abundance of caution, provided Rodriguez with a defense under a reservation of rights and filed this declaratory judgment action. Western Heritage requested declaratory judgment on all possible claims arising out of the incidents alleged in Seibel's complaint. Western Heritage's motion seeks a declaration that it has no duty to defend or indemnify Rodriguez because all of Seibel's claims (and all of her conceivable but as of yet unasserted claims) arose out of incidents that occurred before the policy period began. Western Heritage also argues that the there is no possible coverage because the incidents did not arise out of the insured's business, did not occur on the insured premises, and involved injury to an employee.

Rodriguez concedes that the sexual assault happened prior to the policy period and that Western Heritage has no duty to defend or indemnify her against the claims arising out of that incident. But she argues[1] that because Seibel's complaint does not specify the date of the "parking lot" and photograph incidents, Western Heritage must defend her because it is *possible* that those incidents occurred during the policy period and it is *possible* that Siebel could assert

---

[1] Rodriguez's Response also seeks summary judgment in her favor, though she has not filed a motion.  Her request is DENIED.

some claim based on them. Rodriguez also argues that the incidents could be covered because they arose out of her and Seibel's business relationship, occurred on the Out-a-Bounds parking lot, and occurred after Seibel's employment was terminated.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B.   Duty to Defend and Indemnify

Western Heritage contends that there is no genuine issue of material fact regarding its lack of a duty to defend or indemnify Rodriguez because the policy excludes coverage for claims arising out of incidents that occurred before the policy became effective.

Determining whether there is a duty to indemnify is a two-step process. *McDonald v. State Farm Fire & Cas.,* 119 Wn.2d 724, 727 (1992).  The insured must first demonstrate that

"the loss falls within the scope of the policy's insured losses." *Id.* To avoid coverage, the insurer must then show that the loss is excluded by specific policy language. *Id.* at 728. The duty to defend is broader than the duty to indemnify. *Hayden v. Mutual of Enumclaw Ins.,* 141 Wn.2d 55 (2000). A duty to defend exists where the complaint against the insured, construed liberally, alleges facts which could impose liability upon the insured within the policy's coverage. *Truck Ins. Exch. v. VanPort Homes*, 147 Wn.2d 751 (2002). The duty to defend is not, however, limitless. *E-Z Loader v. Travelers Ins.,* 106 Wn.2d 901, 910 (1986) ("We decline to impose on an insurer coverage of a liability not set forth in the policy"). A claim that is clearly outside the policy's coverage relieves the insurer of its duty to defend. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53 (2007). In short, the duty to defend turns on whether the complaint is conceivably covered (*Hayden* at 64) whereas the duty to indemnify turns on whether the facts of the case are actually covered (*American Best Foods v. Alea London*, 168 Wn.2d 398 (2010)).

  **1.**    **Sexual Assault Claims**

  Western Heritage argues and Rodriguez concedes that this incident occurred before the policy went into effect and is not covered. Western Heritage's Motion for Summary Judgment on these claims is GRANTED. Western Heritage has no duty to defend or indemnify Rodriguez against either of the two claims that were actually asserted in Seibel's complaint.

  **2.**    **"Parking Lot" Claims**

  Western Heritage argues that Rodriguez has failed to establish that coverage is possible for any claims arising out of the "parking lot" incident. Western Heritage has presented evidence that the incident and the corresponding 911 call occurred on April 13, 2009, more than two months before the policy's effective date [Dkt. #25, Exh. 7]. Rodriguez offers no evidence to

contradict this evidence, even though she, as a participant, is in the best position to testify about when the incident occurred.

Instead, Rodriguez argues that the complaint does not contain a date and that the Court can only determine the duty to defend by looking at the four corners of the complaint. Her argument mischaracterizes the law on this point. It is of course generally true that an insurer may look only to the "four corners" of the complaint (and the four corners of its policy) to determine its initial duty to defend. *Truck Ins. Exch. v. VanPort Homes*, 147 Wn.2d 751, 761 (2002). However, it is also well-established that, when a complaint is ambiguous, insurers may defend under a reservation of rights and then seek declaratory judgment after an investigation of the facts. *Id* at 762-3. In a declaratory judgment action the court may look at all evidence presented to determine if the allegations of the complaint are conceivably covered.

Western Heritage has, in an abundance of caution, provided Rodriguez with a defense, not only for the claims actually made against her in the four corners of the complaint, but also for any claims that could conceivably be brought based on the facts alleged. Now that Western Heritage has investigated, it is uncontested that the "parking lot" incident took place before the policy became effective. Western Heritage's Motion for Summary Judgment on these claims is GRANTED. Western Heritage has no duty to defend or indemnify Rodriguez against any possible claims arising out of this incident.

### 3.    Photograph Claims

Western Heritage argues that Rodriguez has failed to establish that coverage is possible for any claims arising out of Rodriguez's taking photos of and acting threatening toward Seibel. In its initial motion, Western Heritage discussed the photographs and the "parking lot" as one incident, arguing that the incidents occurred before the policy became effective. A standard

reading of the complaint would indicate that the photographs happened at the same time as the "parking lot" incident, before the policy became effective:

> 21.      Defendant called the police and told them plaintiff was trespassing. The police arrived and asked plaintiff to leave the property.
> 22.      Defendant began taking photos of plaintiff and her family and behaving in a threatening way towards them.

[Dkt. #25, Exh. 1]. Accordingly, it seems as though the photographing incident also took place on April 13, 2009, before the policy was effective. Again, Rodriguez has not presented any evidence to contradict that date.

Even if the photographs were a separate incident after the policy became effective, the complaint does not indicate any possible claims arising out of the photographs alone. The complaint does not allege that the photos were disseminated or used in any offensive manner. An insurer does not have a duty to defend against a claim when not even the elements of the claim are alleged, let alone when the claim itself is not asserted. Western Heritage's Motion for Summary Judgment on these claims is GRANTED. Western Heritage has no duty to defend or indemnify Rodriguez against any possible claims arising out of this incident.

### III.   CONCLUSION

Western Heritage's Motion for Summary Judgment [Dkt. #25] is GRANTED and it has no duty to defend or indemnify Rodriguez in the underlying suit.

//

//

//

//

1         To the extent that she moved for summary judgment in her Response [Dkt. 32]

2    Rodriguez's Motion for Summary Judgment is DENIED.

3         IT IS SO ORDERED.

4         Dated this 11th day of August, 2014.

5

6

7    _____
     RONALD B. LEIGHTON
8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28